UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| SHORELINE MOTORS CORPORATION, | : | CRIMINAL NUMBER: 3:02CR341 (EBB) |
| ANGEL HERNANDEZ, | : | |
| BRUCE VETRE, | : | |
| DAVID BROWN, | : | March 3, 2005 |
| RICHARD BROWN, | : | |
| NELSON DATIL, | : | |
| RICHARD DOMINGUEZ, | : | |
| DARIEL PEREZ TORRES, and | : | |
| MICHAEL RIVERA, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO STRIKE SPECIAL OFFENSE ENHANCEMENTS FROM THE THIRD SUPERSEDING INDICTMENT**

The United States, by the undersigned Assistant United States Attorneys, respectfully moves the Court for an Order striking the special offense enhancement allegations (paragraphs 56-60) of the Third Superseding Indictment. In support of this motion, the Government states as follows:

PROCEDURAL BACKGROUND

1.      On October 19, 2004, a federal grand jury returned a 22-count superseding indictment in the above-captioned case (the "Third Superseding Indictment"). [Doc. No. 308].

2.      Paragraphs 56-60 of the Third Superseding Indictment contain allegations under the heading "Special Offense Enhancements," that the grand jury found applicable to the

**ORAL ARGUMENT NOT REQUESTED**

this case. Each special offense enhancement allegation contains a citation to the applicable section of the United States Sentencing Guidelines. The enhancements were sought as part of the Third Superseding Indictment in response to <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and the uncertainty that existed at that time concerning the future of the Sentencing Guidelines.

3. On November 22, 2004, defendant Michael Rivera moved this Court for an Order striking paragraph 56 of the Third Superseding Indictment [Doc. No. 336] and for an Order bifurcating the guilt phase of the trial from consideration of the sentencing factors. [Doc. No. 337].

4. On December 3, 2004, the Government filed a response to defendant Rivera's motion to strike [Doc. No. 340] and a response to defendant Rivera's motion for a bifurcated trial [Doc. No. 341].

5. On February 25, 2005, the Court issued an Order, directing defendant Rivera and the Government to submit simultaneous briefs within 10 days, briefing the issue of whether the parties' positions with regard to Rivera's Motion to Strike and Motion for Bifurcated Trial have been affected by the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 ("<u>Booker/Fanfan</u>"), and the Second Circuit's decision in <u>United States v. Crosby</u>, No. 03-1675, 2005 U.S. App. LEXIS 1699 (2d Cir. Feb. 2, 2005). ("<u>Crosby</u>").

6. In response to the Court's February 25, 2005 Order and in light of <u>Booker/Fanfan</u> and <u>Crosby</u>, the Government now moves the Court for an order striking paragraphs 56-60 of the Third Superseding Indictment.

## LEGAL DISCUSSION

7.     Motions to strike are addressed to the sound discretion of the district court. United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998); United States v. Courtney, 257 F.2d 944, 947 (2d Cir. 1958).

8.     In light of the Supreme Court's decision in Booker/Fanfan, and the Second Circuit's decision in Crosby, the Government submits that the factors that will form the basis for sentencing, should one or more of the defendants be found guilty, need not be presented to a grand jury and need not be proven to the jury beyond a reasonable doubt. It follows that the sentencing factors currently addressed in paragraphs 56-60 of the indictment need not be part of the indictment.

9.     The Third Superseding Indictment is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Further, in light of Booker/Fanfan, the Third Superseding Indictment without paragraphs 56-60 will continue to be a plain, concise, and definite written statement of the essential facts constituting the offenses charged.

10.    Defendant Rivera has claimed in his Motion to Strike that the Special Offense Enhancements allegations are prejudicial. While evidence of the total amount of losses sustained by the victims as a result of the scheme, the large number of victims, the roles played by the various defendants and the manner and means for executing the scheme is clearly admissible as evidence of the crimes charged, and while some evidence of these facts will be offered by the Government during its case-in-chief, any claim of prejudice or lack of fairness that could result from the section entitled "Special Offense Enhancements" in the Third Superseding Indictment

will be eliminated by the granting of this motion.

11. If the Court grants this motion, the pending motions of defendant Rivera presumably will become moot. First, the relief sought in Rivera's motion to strike paragraph 56 of the Third Superseding Indictment is encompassed in this motion. Second, after Booker/Fanfan and Crosby, juries no longer need to make sentencing-related findings in cases such as this one. Accordingly, there is no longer any basis to request a bifurcated trial.

12. The Government has contacted all defense counsel to ascertain their positions with respect to this Motion. Counsel for defendant Rivera has stated that Rivera does not object to the motion, and has further authorized the Government to represent that Rivera both joins in this motion and recognizes that if the Court grants this motion, his two pending motions will become moot. Counsel for defendant Shoreline Motors Corporation and defendant David Brown have stated that their clients have no objection to this motion. As of the afternoon of March 3, 2005, the Government has not heard back from counsel for the other remaining defendants.

**CONCLUSION**

For the reasons set forth above, the Government's Motion to Strike Special Offense Enhancements from the Third Superseding Indictment should be granted.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____

JONATHAN BIRAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct21922


_____

MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct25713
U.S. ATTORNEY'S OFFICE
157 Church Street, 23rd Floor
New Haven, CT 06510
tel. (203) 821-3700

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 3rd day of March, 2005, to the following counsel of record:

Edmund Q. Collier, Esq.
Dey, Smith & Collier LLC
771 Boston Post Road
Milford, CT 06460
(counsel for Shoreline Motors Corporation)

Jeffrey Olgin, Esq.
74 Rose Hill Rd.
Branford, CT 06405
(counsel for Angel Hernandez)

Alan J. Sobol, Esq.
Gerard Collins, Esq.
O'Connell, Flaherty & Attmore, L.L.C.
280 Trumbull Street
Hartford, CT 06103-3598
(counsel for Bruce Vetre)

Thomas G. Dennis, Esq.
Federal Public Defender
10 Columbus Blvd. 6th Floor
Hartford, CT 06106-1976
(counsel for Michael Rivera)

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109
(counsel for David Brown)

Salvatore DePiano, Esq.
Edward Czepiga, Esq.
56 Lyon Terrace
Bridgeport, CT 06604
(counsel for Richard Dominguez)

Michael S. Hillis, Esq.
Dombroski Knapsack & Hillis LLC
205 Whitney Avenue
New Haven, CT 06511
(counsel for Richard Brown)

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511
(counsel for Nelson Datil)

Ethan Levin-Epstein, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511
(counsel for Dariel Perez Torres)

_____
MICHAEL S. McGARRY
ASSISTANT U.S. ATTORNEY