UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | :     CRIM. NO. 3:02CR341 (EBB) |
| DAVID BROWN | :     APRIL 5, 2005 |

**DEFENDANT DAVID BROWNS' SUBMISSION OF
VOIR DIRE QUESTIONS**

The defendant, David Brown, respectfully requests the Court to include the following questions in those asked of the jury panel at voir dire:

1. Has any member of the panel ever been a member of a law enforcement agency or had law enforcement duties either in civilian or military life?

2. Does any member of the panel have any relatives or close friends who are employed by:

    (1) a United States Attorney's Office

    (2) any State's Attorney's Office

    (3) any federal, state, or municipal law enforcement agency or police department

3. Is any member of the panel a member of any police auxiliary, a police fraternal association or a police benevolent society or a correction department?

4. The prosecution will probably present some evidence through police officers and federal agents. Is there any member of the panel who would give greater weight

to the testimony of a policeman or law enforcement agent than to any other witness simply because he is a law enforcement officer?

5.  If the testimony of a non-law enforcement witness happened to conflict with the testimony of a law enforcement witness, would you tend to believe the law enforcement agent's version simply because he is a law enforcement agent?

6.  Have any of you been the victim of a crime? If so, state"

    (a) The nature of the crime and the date of the crime.

    (b) Was the crime solved?

    (c) What, if any loss or injury did you sustain?

    (d) Were you satisfied with the results of the investigation?

7.  Have you or any member of your family or any of your close friends ever been the complainant or a witness in a criminal case?

8.  Has any member of this panel served as a juror before in a criminal case? If so, state:

    (a) What was the charge?

    (b) What was the name of the case?

    (c) In what court was the case tried?

    (d) Did the jury reach a verdict?

9.  Do any of you believe that just because a defendant has been charged with a crime the he is probably guilty of something?

10. Do any of you believe that because an indictment has been returned by a grand jury that the person accused is likely to be guilty of the crime charged?

11. Under our system, a defendant in a criminal case is presumed to be innocent. Do you think that an accused, such as Mr. Brown, should be required to prove his innocence?

12. Do you understand that the mere fact that Mr. Brown has been charged with a crime may not be considered by you as any evidence that he is, or may be, guilty of that crime?

13. A defendant, such as Mr. Brown, has an absolute right not to testify at trial. Would you tend to hold it against Mr. Brown in any way if he does not testify?

14. How do you feel about the requirement that the prosecution must prove its case beyond any reasonable doubt before a defendant can be found guilty? Do you think that this imposes too heavy a burden on the prosecutor?

15. If you believe or have the feeling or suspect that certain facts exist but these facts have not been proven beyond a reasonable doubt, would you be unable to or unwilling to disregard those feelings or suspicions and decide this case solely on the evidence or lack of evidence?

16. Suppose you are selected as a juror, and when you retire to deliberate, you find that you have decided one way, either guilty or not guilty, and the other eleven jurors have decided the other way. If, after discussing the matter fully with the

other jurors, you remain convinced that you are correct and they are not, would you agree with them just to get the case over with or would you have the strength to stand firm for what you believe to be correct?

17. The defendant here is charged with conspiracy to commit wire fraud and with wire fraud. Is there anything about the nature of the charge in this case that might in any way prevent you from being a fair and impartial juror?

18. Have you or any member of your family been the victim of criminal fraud?

19. Have you read or heard anything, or seen anything on television regarding car sales that might in any way prevent you from being fair and impartial as a juror?

20. Do you have any strong feelings about crime in general, mail or wire fraud or the retail car sales business, that would make it difficult for you to be fair and impartial as a juror?

21. Have any of you or members of your family ever owned a Mitsubishi? Do you recall anything particularly good or bad about the purchase of that vehicle?

22. Have any of you ever had a particularly good or bad experience with car salesmen in the purchase of a vehicle?

23. Have you or any member of your family ever been employed as a car salesman?

24. Have you or any member of your family ever worked for a credit union, bank, or any lending agency that extends credit to the public for the purchase of motor

vehicles?

25.  Is any member of the panel related to any other member?  If so, who is that member and what is the relationship?  If you were both selected as jurors in this case, would you tend to give greater weight to the views of your relative than you would to the views of the other jurors?

26.  Is there any reason at all that you can think of that would make it difficult in any way for you to serve as a juror in this case, or that makes you reluctant to serve?

**BIAS**

1.  Have you had any experiences with any Black person that may make it difficult for you to be impartial and fair to the defendant?

2.  Do any of you feel that you possess any kind of personal prejudice with reference to this defendant or this case?  U.S. v. Baker, 638 F2d 198 (10th Cir. 1980).

**DEFENDANT TESTIMONY**

_____1.  David Brown has already pled not guilty to the charges.  How many of you feel you would like to hear his side of the story?

2.  On a scale of 1-10, 10 being the strongest, how strongly do you feel about needing the defendant to testify?

3.  What are your thoughts about whether or not a defendant should testify?

**LEGAL PRINCIPALS**

_____1.  As the court shows the jurors, the indictment, do you understand that an

indictment is only a piece of paper which notifies the defendant that he is being charged with a crime?  U.S. v. Glaziou, 402 F2d 8 (2d Cir. 1968).

    2.  Do you understand that an indictment is not evidence that the crime charged was committed and may not be considered as evidence by you in deliberations?  U.S. v. Glaziou, 402 F2d 8 (2d Cir. 1968).

    3.  Do you understand that the defendant entered a plea of not guilty and is innocent until proven otherwise?  Taylor v. Kentucky, 436 U.S. 478 (1978)

    4.  Do you have any difficulty presuming the defendant innocent now?  U.S. v. Hill, 738 F2d 152 (6th Cir. 1984).

    5.  Do you understand that the government is required by law to prove the defendant guilty beyond a reasonable doubt?  U.S. v. Hill, 738 F2d 152 (6th Cir. 1984).

    6.  If the government fails to meet that burden, do you understand that you must find the defendant not guilty?

    7.  Do you realize that the burden of proof is greater for a criminal case than for a civil case?

    8.  Do you understand that the defendant does not have to testify at trial and nothing can be inferred from him not testifying?  Grijjin v. California, 380 U.S. 609 (1965); Eberhardt v. Bordenkircher, 605 F2d 275 (6th Cir. 1979).

    9.  In a criminal case, a defendant is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution.  Do you

understand this?  How do you feel about that legal principal?

10.    If after you heard the evidence, you weren't convinced but you thought the evidence showed the defendant may possibly be guilty, would you nevertheless be able to return a verdict of not guilty in this case?

11.    Do you realize you are the sole and exclusive judges of the facts and are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

12.    Would nay of you change your verdict if a majority of the other jurors believed that the defendant was guilty and you were in the minority believing there was a reasonable doubt?

13.    Would the fact that you were in the minority influence your vote at all?

14.    Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case?  If there is, it is now your duty to disclose this.

**STATEMENTS**

1. If you were charged with a crime and gave a statement, how would you want your statement recorded for accuracy?

2. If a law enforcement officer gave one version of a statement and the defendant gave another version, how would you go about deciding credibility?

      3.  How would you want the most important document in your life recorded for accuracy?

      4.  Have any of you ever been questioned by a law enforcement officer?

      5.  Have any of you ever said something that was misunderstood or was misconstrued?

                              Respectfully submitted,
                                DAVID BROWN, DEFENDANT

                              By_____
                                Richard S. Cramer
                                Federal Bar No. ct00016
                                449 Silas Deane Highway
                                Wethersfield, CT 06109
                                (860) 257-3500
                                Email: cramer@snet.net