UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NUMBER: 3:02CR341 (EBB) |
| v. | : | |
| | : | |
| ANGEL HERNANDEZ, | : | July 11, 2005 |
| DAVID BROWN, | : | |
| RICHARD BROWN, and | : | |
| NELSON DATIL, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S MOTION TO UNSEAL TRANSCRIPT
## OF *IN CAMERA* PROCEEDING

Comes now the United States of America by and through its attorneys, Jonathan Biran and Michael S. McGarry, Assistant United States Attorneys, and respectfully requests that the transcript of the Court's colloquy with Bruce Vetre and his counsel in the above-captioned matter, that was held in camera on April 12, 2005, be unsealed and provided to all parties. The Government makes this motion in response to a discovery request by counsel for defendant David Brown that the transcript of the in camera discussion be produced.

## I. BACKGROUND

On May 18, 2005, a fourth superseding indictment was returned by a Grand Jury sitting in New Haven charging defendants Angel Hernandez, David Brown, Richard Brown, and Nelson Datil with conspiracy and numerous substantive counts of mail fraud and wire fraud. Jury selection is currently scheduled for August 9, 2005, with the presentation of evidence to begin on August 10.

**ORAL ARGUMENT NOT REQUESTED.**

The case was previously scheduled for jury selection on April 12, 2005. On the eve of

that date, the Government learned for the first time of a potential conflict of interest arising from

the prior representation of Bruce Vetre, a co-defendant and now a cooperating witness, by

defendant Angel Hernandez's then counsel, Jeffrey Olgin. Mr. Vetre revealed to the Government

and then to all parties, that he had been represented by Attorney Olgin in a prior matter involving

an automobile lease. On April 12, 2005, the Government submitted a Memorandum in Support

for Motion to Consider Potential Conflict of Interest. As part of the ensuing hearing, the Court

held an in camera discussion with Mr. Vetre and his counsel. Subsequent to the in camera

discussion, Mr. Vetre waived his attorney-client privilege with respect to Attorney Olgin's prior

representation. After further hearings, the Court found that Attorney Olgin had a conflict of

interest as a result of prior representation of Mr. Vetre, and that the conflict was not waivable by

defendant Hernandez. Accordingly, Attorney Olgin was disqualified from representing Angel

Hernandez in further proceedings in this case.

Subsequent to the hearing, the Government provided counsel for all defendants with

copies of the Federal Bureau of Investigation (FBI) report of interview with Mr. Vetre, wherein

Mr. Vetre discussed his dealings with Attorney Olgin.

Counsel for defendant David Brown has requested that the Government provide him with

a transcript of the in camera discussion among the Court, Mr. Vetre, and Mr. Vetre's counsel on

April 12, 2005.[1] The Government has never received a copy of the in camera discussion and

---

[1]    Defendant David Brown has also requested a copy of Attorney Olgin's file materials concerning Mr. Vetre's automobile lease. The Government does not have any of Attorney Olgin's file materials concerning Mr. Vetre's lease. If defendant Brown or any of the other defendants wishes to obtain such material, they presumably will subpoena Attorney Olgin for it.

thus, in an attempt to comply with counsel's request, the Government makes this motion for the

unsealing and production of the transcript at issue.

## II. <u>DISCUSSION</u>

The Government has met its discovery obligations in this case, including those arising

under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>., 405 U.S. 105 (1972), and

the Jencks Act, 18 U.S.C. § 3500.  Under the Jencks Act, the Government has a duty "on motion

of the defendant" to disclose any prior statements made by a Government witness pertinent to the

subject matter of the case in question.  18 U.S.C.A. § 3500(b).  The Second Circuit has held that

the Government's <u>Brady</u> obligations apply to material elicited <u>in</u> <u>camera</u>.  <u>See</u> <u>United States v.</u>

<u>Arroyo-Angulo,</u> 580 F.2d 1137, 1144 (2d Cir. 1978).  Although the Government was not present

for the <u>in</u> <u>camera</u> discussion with Mr. Vetre, it appears likely that some of the information

disclosed by Mr. Vetre during that discussion would constitute material that is discoverable

under <u>Giglio</u>.

The Government has contacted counsel for Mr. Vetre and he has indicated to the

Government that Mr. Vetre does not oppose this motion.  The Government is unaware of any

case law that would prohibit the Court from unsealing a transcript of its own <u>in</u> <u>camera</u>

discussions, especially in light of the  "presumption of access" that exists with respect to judicial

proceedings, <u>see</u> <u>United States v. Amodeo</u>, 44 F.3d 141 (2d Cir. 1995), and the Government's

obligations arising under <u>Brady</u>, <u>Giglio</u>, and the Jencks Act.

Finally, while the Government has complied with its ongoing duties under <u>Brady</u>, <u>Giglio</u>,

and the Jencks Act, by virtue of its production of the FBI report of interview with Mr. Vetre

conducted on or about April 12, 2005, which the Government believes covers substantially the

same material discussed in the in camera session, the Government nevertheless makes this motion out of an excess of caution in fulfilling its discovery obligations.  The Government has contacted all defense counsel other than counsel for defendant David Brown who made the instant discovery request, and remaining counsel do not oppose this motion.

**CONCLUSION**

For the reasons set forth above, the Government's Motion should be granted.

Respectfully  submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


____/s/_____
JONATHAN BIRAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct21922
Jonathan.Biran@usdoj.gov



___/s/_____
MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct25713
U.S. ATTORNEY'S OFFICE
157 Church Street, 23rd Floor
New Haven, CT 06510
tel. (203) 821-3700
Michael.McGarry@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 11th day of July, 2005, to the following counsel of record:

Alan J. Sobol, Esq.
O'Connell, Flaherty & Attmore, L.L.C.
280 Trumbull Street
Hartford, CT 06103-3598
(counsel for Bruce Vetre)

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109
(counsel for David Brown)

Michael S. Hillis, Esq.
Dombroski Knapsack & Hillis LLC
129 Whitney Avenue
New Haven, CT 06511
(counsel for Richard Brown)

Kurt F. Zimmermann, Esq.
Silverstein & Osach
234 Church Street, Suite 903
New Haven, CT 06507
(counsel for Angel Hernandez)

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511
(counsel for Nelson Datil)

____/s/_____
JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY