UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NUMBER: 3:02CR341 (EBB) |
| | : | |
| v. | : | August 26, 2005 |
| | : | |
| ANGEL HERNANDEZ et al. | : | |

### GOVERNMENT'S MEMORANDUM CONCERNING JURY INSTRUCTIONS

The United States, by and through the undersigned Assistant United States Attorneys, respectfully submits the following proposed changes to the draft jury instructions provided by the Court, as well as several suggested additional jury instructions:

**Proposed Changes to the Court's Draft Jury Instructions**

**Page 5, ninth line from the bottom**: Change "defendant" to "defendants."

**Pages 21-22**: Change sentence to read, "In this case, the defendants are accused of having been members of a conspiracy...."

**Page 23, seventh line from the top**: After the word "in," add "Count 1 of."

**Page 27, between tenth and eleventh lines from the top**: Insert the following text:

Knowledge, willfulness and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

[Sand, Instruction 6-17.]

**Pages 32-33**: The withdrawal from the conspiracy instruction should be omitted unless and until the defendants introduce some evidence in this regard. The Government is unaware of any evidence that any of the defendants withdrew from the conspiracy.

**Page 35, fourth line from the top**: Delete "or transmitted by wire."

**Page 35, eleventh line from the top**: Following the word "qualified," add "for the loans they received."

**Page 36, second line from the bottom**: Following the sentence about the purpose of the mail fraud statute, include the following sentence: "The purpose of the federal wire fraud statute is to prevent the use of interstate wires for fraudulent purposes. A scheme to defraud may be punished under the federal mail fraud and wire fraud statutes whether or not it also violates state law." [Sand, Instruction 44-2, as adapted.]

**Page 39, sixth line from the top**: After the word "decision," add the following sentence: "The Government need not, however, prove actual reliance upon the statement of fact." [*See Neder v. United States*, 527 U.S. 1, 25 (1999).]

**Page 40, between sixth and seventh lines from the top**: Add the following text:

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

[Sand, Instruction 44-5.]

## Additional Proposed Jury Instructions

In addition to the changes suggested above, the Government asks that the Court include the following additional instructions:

Publicity

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

---

Sand, Instruction 2-17.

<u>Jury to Disregard Guilty Plea of Codefendants</u>

There has been testimony that codefendants have pleaded guilty to a charge centering on those set forth in the indictment. The fact that these codefendants pleaded guilty may not in any respect be considered against the defendants on trial, nor may any inference be drawn against them by reason of the codefendants' plea of guilty.

The guilty plea was the personal plea of those defendants and was binding only upon them. Guilt is personal. The verdict as to each defendant on trial before you must be considered separately with respect to him solely upon the evidence presented against each, or the lack of evidence.

---

Adapted from *United States v. Maxwell*, 383 F.2d 437 (2d Cir. 1967), and *United States v. Corr*, 543 F.2d 1042 (2d Cir. 1976), quoted in Sand, Instruction 2-19 (commentary).

<u>Multiple Counts, Multiple Defendants</u>

The indictment contains a total of <u>twenty-two</u> counts. Each count charges a defendant with a different crime.

There are <u>four</u> defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

---

Sand, Instruction 3-8.

### Similar Acts – Intent, Knowledge, or Absence of Mistake

The Government has offered evidence tending to show that on a different occasion the defendants engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendants are not on trial for committing any acts not alleged in the indictment. Accordingly, you may not consider evidence of the similar acts as a substitute for proof that the defendants committed the crime charged. Nor may you consider this evidence as proof that the defendants have a criminal personality or bad character. The evidence of the other similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendants committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendants acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendants committed the other act he must also have committed the acts charged in the indictment.

---

Sand, Instruction 5-25, as adapted.

Judicial Notice

I have taken judicial notice of certain facts which I believe are not subject to reasonable dispute. I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to agree that these facts are true.

___

Sand, Instruction 5-5.

## Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The Government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause

9

him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

---

Sand, Instruction 7-5.

<u>Charts and Summaries (Admitted as Evidence)</u>

The Government (*or* defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

Sand, Instruction 5-12.

<u>Charts and Summaries (Not Admitted as Evidence)</u>

  Charts and summaries were shown to you in order to make the evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

  It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

---

Sand, Instruction 5-13, as adapted.

<u>     Unanimity of Theory (could be inserted on p.34, after impossibility of success)</u>

Later in these instructions, I will instruct you that your verdict must be unanimous. With regard to Count One of the indictment, the conspiracy count, your verdict must also be unanimous in another sense.

Count One of the indictment charges that each defendant committed the crime of conspiracy in either one of two ways. The first is that each defendant did knowingly and intentionally combine, conspire, confederate and agree together and with one another to commit <u>mail fraud</u>, contrary to the provisions of Title 18, United States Code, Section 1341. The second is that each defendant did knowingly and intentionally combine, conspire, confederate and agree together and with one another to commit <u>wire fraud</u>, contrary to the provisions of Title 18, United States Code, Section 1343.

If the Government fails to prove that at least one of the two objectives was an objective of the conspiracy in which the defendants participated then you must find that defendant not guilty on the conspiracy count. On the other hand, the Government need not prove both of those were objectives of the conspiracy for you to find the defendants guilty of the conspiracy count. It is sufficient if you find beyond a reasonable doubt that the defendants committed one or the other in order to convict the defendants on the conspiracy count.

However, in order to convict the defendants on this count, all twelve of you must agree on the specific object the defendants agreed to try to accomplish. All of you must agree that the defendants did knowingly and intentionally combine, conspire, confederate and agree together and with one another to commit <u>mail fraud</u>, contrary to the provisions of Title 18, United States Code, Section 1341. Or, all of you must agree that the defendants did knowingly and

13

intentionally combine, conspire, confederate and agree together and with one another to commit <u>wire fraud</u>, contrary to the provisions of Title 18, United States Code, Section 1343.

The form on which you will record your verdict asks you to answer two additional questions concerning each defendant's alleged participation in the charged conspiracy. That is, you will be asked for each to defendant whether: (1) you find beyond a reasonable doubt that the defendant conspired to commit mail fraud and; (2) you find beyond a reasonable doubt that the defendant conspired to commit wire fraud.

---
Sand, Instruction 9-7A, as adapted.

<u>Guilt of Substantive Offense (could be inserted on p. 34, after unanimity of theory)</u>

There is another method by which you may evaluate the possible guilt of the defendants for the substantive charge in the indictment even if you do not find that the Government has satisfied its burden of proof with respect to each element of the substantive crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in Count One of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Counts Two Through Twenty-Two, provided you find, beyond a reasonable doubt, each of the following elements:

> First, that the crime charged in the substantive count was committed;
>
> Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;
>
> Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;
>
> Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;
>
> Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

15

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged.

---

Sand, Instruction 19-13, as adapted.

Willfully Causing a Crime - The Indictment and The Statute (to be inserted after aiding/abetting)

In this case, the indictment charges that the defendants caused other persons to commit the alleged mail fraud and wire fraud offenses.

Section 2(b) of Title 18, United States Code, reads as follows:

Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

What does the term "willfully caused" mean?  It does not mean that the defendant himself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendants knowingly execute and attempt to execute a scheme to defraud Mitsubishi Motors Credit of America, Inc. through the use of the mails or interstate wire transmissions?

Did the defendants intentionally cause another person to commit acts that resulted in the execution of a scheme to defraud Mitsubishi Motors Credit of America, Inc. through the use of the mails or interstate wire transmissions?

If you are persuaded beyond a reasonable doubt that the answer with respect to a defendant to both of these questions is "yes," then that defendant is guilty of the crime charged just as if he himself had actually committed it.

---

Sand, Instruction 11-3, as adapted; 18 U.S.C. § 2(b).

17

<u>Verdict Form - Conspiracy Count</u>

For each defendant, the verdict form should contain the following for the conspiracy count:

As to Count One (1), charging [name of defendant] with conspiracy to commit mail fraud and wire fraud, we find the defendant (*check one*):

_____GUILTY                          _____ NOT GUILTY

_____If you found the defendant guilty, then answer the following questions:

    Do all twelve of you agree that [name of defendant] conspired to commit the offense of mail fraud?

    \_\_\_\_\_ yes                          \_\_\_\_\_no

    Do all twelve of you agree that [name of defendant] conspired to commit the offense of wire fraud?

    \_\_\_\_\_ yes                          \_\_\_\_\_no

The Government reserves the right to supplement these proposed jury instructions with additional instructions should they become relevant prior to the close of the evidence.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    /s/
    JONATHAN BIRAN
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. ct21922

    /s/
    MICHAEL S. McGARRY
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. ct25713
    United States Attorney's Office
    157 Church Street, 23rd Floor
    New Haven, CT 06510
    (202) 821-3700

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by hand delivery, this 26th day of August, 2005, to the following counsel of record:

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109
(counsel for David Brown)

Kurt F. Zimmermann, Esq.
Silverstein & Osach
234 Church Street, Suite 903
New Haven, CT 06510
(counsel for Angel Hernandez)

Michael S. Hillis, Esq.
Dombroski Knapsack & Hillis LLC
129 Whitney Avenue
New Haven, CT 06511
(counsel for Richard Brown)

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511
(counsel for Nelson Datil)

__/s/_____
JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY