UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

*MEMORANDUM*

UNITED STATES OF AMERICA

-vs-                                                                                   Case No. 07-MJ-092

DAVID BROWN

| | |
|---|---|
| DATE: | August 14, 2007 |
| | **Your Case No.:**   03:02cr00341-005 (EBB) |
| TO: | United States District Court<br>District of Connecticut<br>214 Richard C. Lee<br>United States Courthouse<br>141 Church Street<br>New Haven, CT. 06510 |
| FROM: | Sandra McClain, Case Manager for<br> James H. Allen, United States Magistrate Judge<br>(901) 495-1317<br>U.S. Courthouse<br>167 North Main Street<br>Memphis, Tennessee 38103 |
| SUBJECT: | Rule 5 Proceedings |

The above-styled case originated in your division. Enclosed please find certified copies of documents regarding proceedings held in the Western District of Tennessee in Memphis, Tennessee wherein the following action was taken:

| | |
|---|---|
| INITIAL APPEARANCE: | August 13, 2007 |
| RELEASE/DETENTION: | Defendant detained pending detention hearing in District of Offense. |
| SCHEDULED HEARING: | Upon notice by the charging district. |
| CHARGING DOCUMENT: | Pretrial Release Violation |
| Enclosures: | Complete copy of WDTN case file. Case sent to the District of Connecticut. |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

UNITED STATES OF AMERICA

-vs-                                                                                        Case No. 07-mj-092-01

DAVID BROWN

## FINDINGS AND ORDER ON REMOVAL PROCEEDINGS
## PURSUANT TO RULE 40, FED.R.CRIM.P.

**DAVID BROWN**, having been arrested and presented before me for removal proceedings pursuant to Rule 40, Federal Rules of Criminal Procedure, and having been informed of the rights specified in Rule 5 (c) thereof, and of the provisions of Rule 20, the following has occurred of record.

An Initial Appearance on the Rule 40 Violation of Conditions of Pretrial Release from District of Connecticut was held on August 13, 2007 .

After hearing the evidence, and based on the defendant's waiver of identity hearing, I find that **DAVID BROWN** is the person named in the warrant for arrest, a copy of which has been produced.

No preliminary examination has been held because the defendant elects to have the preliminary examination conducted in the district in which the prosecution is pending.

It is, therefore,

**ORDERED** that **DAVID BROWN** be held to answer in the district court in which the prosecution is pending. Final Commitment given to the U.S. Marshal.

**DONE** and **ORDERED** in Chambers in Tennessee this 14th day of August, 2007.

s/ James H. Allen
JAMES H. ALLEN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
United States Marshal
Pretrial Services Office

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

**UNITED STATES OF AMERICA**

-vs-                                                                                           Case No. 07-MJ-092-01

**DAVID BROWN**

## ORDER OF DETENTION PENDING TRIAL

### FINDINGS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The following facts and circumstances require the defendant to be detained pending trial.

> The defendant makes no application for release at this time. A motion for conditions of release and a detention hearing may be filed at a later date.

### DIRECTIONS REGARDING DETENTION

**DAVID BROWN** is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. **DAVID BROWN** shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a Court proceeding.

Date:   August 14, 2007

                                                                s/ James H. Allen
                                                                JAMES H. ALLEN
                                                                UNITED STATES MAGISTRATE JUDGE

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

**UNITED STATES OF AMERICA**

-vs -

**DAVID BROWN**

COMMITMENT

TO ANOTHER DISTRICT

CASE NO. 07-MJ-092-01

| CHARGES ||||
|---|---|---|---|
| **Charging Document** | **Statute** | **Charging District** ||
| Pretrial Release Violation Petition | 18 U.S.C. § 3148(b) | District of Connecticut ||
| | | 3:02-CR-00341-005 (EBB) ||
| Description: | Pretrial Release Violatioin |||

| PROCEEDINGS ||
|---|---|
| **BOND STATUS:** | Government moved for detention and defendant detained pending detention hearing in District of Offense. |
| **COUNSEL:** | CJA Counsel Appointed |
| **INTERPRETER:** | No interpreter necessary |

### TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of **DAVID BROWN** and to transport the defendant with a certified copy of this Commitment Order forthwith to the Charging District and there deliver him to the United States Marshal for that District or to some other officer authorized to receive the defendant.

August 14, 2007

s/ James H. Allen
JAMES H. ALLEN
UNITED STATES MAGISTRATE JUDGE

| RETURN |||
|---|---|---|
| Commitment Order Received: | Place of Commitment: | Date Defendant Committed: |
| Date | United States Marshal | By Deputy Marshal |

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY _____ DEPUTY CLERK

Case 3:02-cr-00341-EBB   Document 813   Filed 08/20/2007   Page 5 of 16
08/13/2007  11:32  2037732419    USMS-NEW HAVEN                           PAGE  02/03
Case 2:07-mj-00092-tmp   Document 1   Filed 08/13/2007   Page 1 of 6

AO 442   (Rev. 05/07) Warrant for Arrest

# UNITED STATES DISTRICT COURT

District of Connecticut

RECEIVED
UNITED STATES MARSHAL
2007 AUG 7 AM 10 54
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.

David Brown

**WARRANT FOR ARREST**

07MJ092

Case Number: 3:02CR00341-005 (EBB)

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____David Brown_____
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment   ☐ Information   ☐ Complaint   ☐ Order of court

☑ Pretrial Release Violation Petition   ☐ Probation Violation Petition   ☐ Supervised Release Violation   ☐ Violation Notice

charging him or her with (brief description of offense)

The defendant has failed to maintain employment or notify the Probation Office of a change in his employment status, he has not reported as directed, is consuming alcohol to excess and has engaged in new criminal conduct.

in violation of Title __18__ United States Code, Section(s) __3148(b)__

Ellen Bree Burns
Name of Issuing Officer

S. U.S.D.J.
Title of Issuing Officer

[signature] Ellen B. Burns
Signature of Issuing Officer

8/2/07  New Haven, CT.
Date and Location

---

**RETURN**

This warrant was received and executed with the arrest of the above-named individual at

| DATE RECEIVED 8-13-07 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | D. Pye - DUSM | [signature] |

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY [signature]
DEPUTY CLERK

AUG-13-2007 11:19 FROM:US PROBATION 203 579 5571 TO:901 495 1597 P.3/7
Case 3:02-cr-00341-EBB   Document 813   Filed 08/20/2007   Page 6 of 16
Case 2:07-mj-00092-tmp   Document 1   Filed 08/13/2007   Page 2 of 6

AO 442   (Rev. 05/07) Warrant for Arrest (Page 2)

## THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME: David Brown

ALIAS: David Solomon Brown

LAST KNOWN RESIDENCE: 4819 South Germantown Road, Memphis, Tennessee 38141

LAST KNOWN EMPLOYMENT: First Choice Auto Sales, 2504 Poplar Avenue, Memphis, Tennessee

PLACE OF BIRTH: England

DATE OF BIRTH: [redacted]

SOCIAL SECURITY NUMBER: [redacted]

HEIGHT: 6'0"   WEIGHT: 265

SEX: Male   RACE: Black

HAIR: Black   EYES: Brown

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:
Right forearm - "Rose"

FBI NUMBER: 445045HA8

COMPLETE DESCRIPTION OF AUTO:
Unknown

INVESTIGATIVE AGENCY AND ADDRESS:
United States Probation Office
915 Lafayette Blvd, Room 200
Bridgeport, CT 06604

AUG-13-2007 11:19 FROM:US PROBATION 203 579 5571 TO:901 685 1593 P.4/7
Case 3:02-cr-00341-EBB Document 813 Filed 08/20/2007 Page 7 of 16
Case 2:07-mj-00092-tmp Document 1 Filed 08/13/2007 Page 3 of 6

| DATE<br>July 31, 2007 | U.S. PROBATION OFFICE<br>DISTRICT OF<br>CONNECTICUT | CONFIDENTIAL VIOLATION REPORT<br>Warrant Request |
|---|---|---|
| **NAME**<br>David Brown | **U.S. DISTRICT JUDGE/U.S. MAGISTRATE**<br>The Honorable Ellen Bree Burns | **DOCKET #**<br>3:02CR00341-005 (EBB) |
| **ASSISTANT U.S. ATTORNEY**<br>Michael S. McGarry | **DEFENSE ATTORNEY**<br>Robert C. Mirto | **RELEASE DATE:** December 3, 2002 |
| **REPORT PURPOSE**<br>JUDICIAL RESPONSE REQUESTED | | **NEXT COURT DATE:** To Be Determined<br>**CURRENT STATUS:** Convicted at Trial / Pending Sentence |
| **CHARGED OFFENSE(S)**<br>Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343 | | |

**CONDITIONS**
This defendant was initially presented before the Honorable Joan G. Margolis, U.S. Magistrate Judge, on December 3, 2002. On that date the following conditions of release were set. In addition to the standard conditions of release requiring the defendant to refrain from committing new offenses and report any new arrests; inform the Court, Government and Defense Counsel of any changes to his address or telephone number; and appear at all Court proceedings as required; the defendant was also required to: 1) maintain or actively seek employment; 2) have his travel restricted to Connecticut, absent prior approval of the AUSA, USPO or the Court; 3) have no direct or indirect contact with any known co-defendants or witnesses except through counsel; 4) report to the U.S. Probation Office as directed; 5) refrain from possessing a firearm, destructive device or dangerous weapon; 6) refrain from the excess use of alcohol, and any use or possession of a narcotic drug; 7) obtain no passport and 8) execute a $100,000 bond.

On August 3, 2005, Judge Margolis issued a supplemental order setting conditions of release. This order noted the defendant shall submit to psychological counseling at the discretion of the USPO and placed the defendant in the custody of his parents, Elanza and Elvina Brown, of 130 Lenox Avenue, Bridgeport, Connecticut.

**CONDITION(S) VIOLATED:** The defendant has failed to maintain employment or notify the Probation Office of a change in his employment status, he has not reported as directed, is consuming alcohol to excess and has engaged in new criminal conduct.

**NATURE OF NON-COMPLIANCE/PROBATION OFFICER'S RESPONSE:**
On November 18, 2003, the defendant submitted a letter to the Probation Office requesting permission to move to Tennessee to pursue alternate employment possibilities. The following day courtesy supervision was requested from the Western District of Tennessee and the defendant's request to move was approved.

On April 5, 2004, a status report was submitted by the Western District of Tennessee's Pretrial Services Office which noted the defendant was not reporting as directed. That report has been attached to this memorandum for the Court's review. In summary, it notes the defendant took over one month to initially report to that district after moving. Thereafter, he failed to report on numerous dates between early January 2004 and late March 2004. As a sanction, the defendant was directed to report weekly on four consecutive Tuesdays.

On July 6, 2005, an updated status report was submitted by the Western District of Tennessee. This letter, also attached for your review, documents the defendant's continued non-compliance while on supervision. This non-compliance included continued failures to report as directed, as well as the defendant's commission of new criminal conduct. Specifically, on May 26, 2005, the defendant was arrested by the Memphis Police Department and charged with Domestic Assault - Offense Contact (2 counts). The Affidavit of Complaint regarding that incident is also attached for Your Honor's review. The defendant allegedly engaged in a verbal altercation with his wife, and later a physical altercation with two of his son's when they attempted to intervene. The charge was ultimately disposed of through a nolle prosequi due to the defendant's wife's reluctance to pursue the prosecution. At that time, the pretrial services officer recommended the defendant's bond be revoked, as it was unlikely the defendant would abide by any conditions of release.

On July 7, 2005, a status report was submitted to the Honorable Joan G. Margolis, U.S. Magistrate Judge, regarding the defendant's non-compliance. This report is also attached for Your Honor's review. In this report, the District of Connecticut Probation Office joined in the Western District of Tennessee's request for the revocation of this defendant's bond.

On August 3, 2005, a bond violation hearing was held before Judge Margolis and the Court issued the supplemental order setting conditions of release noted above. This order placed the defendant in the custody of his parents who were residing in Bridgeport, Connecticut, and stipulated that the defendant could engage in mental health counseling at the discretion of the Probation Office.

AUG-13-2007 11:19 FROM:US PROBATION  203 579 5571  TO:901 495 1597  P.5/7
Case 3:02-cr-00341-EBB   Document 813   Filed 08/20/2007   Page 8 of 16
Case 2:07-mj-00092-tmp   Document 1   Filed 08/13/2007   Page 4 of 6

| DATE | U.S. PROBATION OFFICE DISTRICT OF CONNECTICUT | CONFIDENTIAL VIOLATION REPORT Warrant Request | |
|---|---|---|---|
| July 31, 2007 | | | |

| NAME | U.S. DISTRICT JUDGE/U.S. MAGISTRATE | DOCKET # |
|---|---|---|
| David Brown | The Honorable Ellen Bree Burns | 3:02CR00341-005 (EBB) |

Following trial, on September 7, 2005, guilty verdicts were returned in this case. The bond issue was reconsidered at that time, and the defendant remained on release, pursuant to the same conditions.

On October 4, 2005, the District of Connecticut Probation Office was advised by the Chief Pretrial Services Officer in the Western District of Tennessee that as the result of previous supervision problems and accusations made by the defendant against his supervising officer, they were no longer willing to provide courtesy supervision. The defendant has reported in to the Probation Office in Connecticut sporadically by telephone while continuing to reside in Tennessee.

On February 1, 2007, the Court issued an order noting that a sentencing date in this matter will be set following a ruling by the Court on the issue of loss.

On March 12, 2007, the defendant was directed by this officer to notify the Probation Office of any plans to travel to Connecticut so that an in person visit could be conducted. In a subsequent conversation with the probation officer on June 5, 2007, the defendant admitted he had been present in Connecticut over Memorial Day weekend. Additionally, as noted below, information provided by two concerned citizens indicates the defendant returned to Connecticut as recently as the first week of June 2007, and again failed to notify the Probation Office of his presence in the state so that face to face contact could be initiated.

On June 27, 2007, upon the submission of a modification motion by defense counsel, the defendant's bond was modified to allow him to continue to reside in Tennessee, provided he had weekly telephone contact with the Probation Office in Connecticut, and kept the Probation Office aware of "any significant changes in his living arrangements or other aspects of his life".

On July 13, 2007, Mrs. Nadine Plummer and Ms. Rose Wilson met with this officer with regard to reported non-compliant behavior engaged in by this defendant. In fact, Mrs. Plummer flew to Connecticut from Memphis, Tennessee for the sole purpose of meeting with the Probation Office and providing the below noted information. Mrs. Plummer is the wife of the defendant's previous employer, Pastor Laurence Plummer, and resides in Tennessee near the defendant. Rose Wilson is her sister-in-law and resides locally in Bridgeport. Mrs. Plummer informed she and her husband founded the Love Fellowship Ministries Church and have known the defendant and his wife for over twenty years. When the defendant and his family relocated to Tennessee, they stayed with the Plummer's until they could get established and purchase a home of their own. She noted in the last several years the defendant's relationship with his wife has been fraught with domestic violence. The first such incident allegedly occurred in January 2005, and the Plummer's stepped in to provide counseling services to the defendant and his wife. A second incident occurred in May 2005, which resulted in the defendant's formal arrest. (Please see the attached arrest report). Following this incident she noted the defendant's wife and children stayed with her family for a period of time. Mrs. Plummer advised Mr. Brown's wife would not press charges and the matter was eventually dropped.

Mrs. Plummer advised her husband opened the aforementioned church in Memphis in June 2006. They were aware that Mr. Brown had experienced difficulty securing employment due to his legal history and so they provided him with a position at the church of "building engineer". Following this, she noted the defendant became involved in repeated verbal altercations with members of their community. This resulted in many members leaving the church. Mrs. Plummer noted there was also one physical altercation at the church where punches were thrown and Mr. Plummer had to step in to physically separate the defendant from another church member. In November 2006, there was a third domestic violence incident between the defendant and his wife. This began in the church parking lot. Mrs. Plummer informed she sent the defendant's two adult sons away, and took the defendant's wife and daughter and locked them with her inside her church office. She noted Mr. Brown proceeded to bang on her door and demanded to be let in, which she refused. Mr. Brown eventually left and she took his wife and daughter to a safe place, a hotel, where they stayed for three days. Very early the next morning (2:30am), the Plummer's received a call from the local police department advising they needed to come down to the church immediately as there was a man threatening suicide. This individual was identified as the defendant. Following this incident, and in light of his previous altercations with members, she noted they had no choice but to fire the defendant from his position at the church and ask him to return his keys. Since that time, Mrs. Plummer represents the defendant has been slandering Pastor Plummer publically by contacting radio and television stations, making allegations that Mr. Plummer is stealing money from the church, committing money laundering and fraud in his financial services business and generally maligning Mr. Plummer's character. She noted the defendant has contacted countless church members, as well as clients of the Pastor's financial services businesses in an effort to defame Mr. Plummer's good name in the community. She noted Mr. Brown has also contacted their family attorney and made veiled threats against her family by referencing the fact that he is aware the Plummer's have children.

Case 3:02-cr-00341-EBB   Document 813   Filed 08/20/2007   Page 9 of 16
AUG-13-2007 11:20 FROM:US PROBATION     203 579 5571      TO:901 495 1593      P.6/7
Case 2:07-mj-00092-tmp   Document 1   Filed 08/13/2007   Page 5 of 6

| DATE | U. S. PROBATION OFFICE DISTRICT OF CONNECTICUT | CONFIDENTIAL VIOLATION REPORT Warrant Request |  |
|---|---|---|---|
| July 31, 2007 | | | |
| NAME David Brown | | U.S. DISTRICT JUDGE/U.S. MAGISTRATE The Honorable Ellen Bree Burns | DOCKET # 3:02CR00341-005 (EBB) |

Mrs. Plummer advised she is fearful for the safety of her husband and children. Mrs. Plummer related the defendant is drinking frequently to the point of intoxication and is a daily presence at a local bar. She also noted Mr. Brown has stated to her on multiple occasions that he will "die before going to prison". With regard to the defendant's travel, she informed Mr. Brown was in Connecticut as recently as early June when his family hosted a benefit dinner at a church in Connecticut. Mrs. Plummer advised the purpose of the dinner was to raise money for the defendant's mother who is suffering from cancer. Mrs. Plummer stated the defendant took the proceeds from the fundraiser and has not provided them to his mother for her care. She also noted Mr. Brown has been selling off family property in Connecticut that was held in his name. (The probation officer spoke with the defendant's brother, Steven Brown, who verified the details regarding the benefit planned for their mother. He noted the defendant currently holds power of attorney for their parents, and Steven was unaware where the proceeds from the event ended up. He also noted that on the evening of the benefit the defendant engaged in a verbal altercation with his niece. His niece ultimately ended up vandalizing the defendant's automobile. The defendant contacted the Bridgeport Police Department who responded to the scene. This interaction was never reported to the U.S. Probation Office. The Bridgeport Police Department records division was contacted regarding this incident, however, no report referencing this event could be located.)

Mrs. Plummer informed she sought assistance from the Memphis Police Department on July 3, 2007. She advised she filed a harassment complaint against the defendant and had requested mediation. (During a follow up telephone call with Mr. and Mrs. Plummer on July 17, 2007, they advised their first mediation session had been scheduled for July 18th, however, upon the advice of their counsel, they canceled the session.)

Both Mr. and Mrs. Plummer have expressed to this officer a fear for the physical safety of themselves and their children. Mrs. Plummer informed the defendant is in "retaliation mode" and she believes he could cause harm to her family. She provided a letter authored by her husband, Laurence Plummer, and Davin Clemons, both of which address the defendant's recent behavior. The probation officer later spoke with Mr. Plummer and confirmed the contents of his written submission. These letters have been included for Your Honor's review. The Memphis, Tennessee Police Department and the Shelby County, Tennessee Sheriff's Office have been contacted and have provided the attached arrest and incident reports referencing this defendant. These reports substantially corroborate the events described by Mrs. Plummer.

On July 16, 2007, the defendant made his scheduled weekly call in to the Probation Office. He again advised he had no changes to report. This officer then questioned him further regarding his current employment and law enforcement contact. The defendant then noted that he is presently working a First Choice Auto Sales and in the music department at Cornerstone Institutional Baptist Church located in Memphis. The defendant was directed to submit pay stubs for verification by the close of business on July 17, 2007. (As of this date, no such documentation has been submitted by the defendant). The defendant was reminded that under the conditions of his release, any material changes to his situation, including his employment, need to be promptly reported to the Probation Office. Mr. Brown also denied having any law enforcement contact. Then he advised this officer that a situation had occurred with his best friend of 27 years. The defendant noted he chose to confide his legal situation in Laurence Plummer and Mr. Plummer proceeded to betray that confidence and "put the word out on the street". The defendant noted he then contacted the Plummer family's attorney in order to get the Plummer's to stop publically slandering him. Additionally, he noted he contacted the Shelby County Sheriff's Office approximately two weeks ago in order to have them instruct the Plummer's to refrain from contacting him.

On July 31, 2007, the defendant made a scheduled, weekly call into the Probation Office. He again indicated he had no changes to report. Later that afternoon, this officer was contacted by Pastor Plummer, and Pastor Brodie Johnson. Pastor Johnson leads the Cornerstone Institutional Baptist Church where the defendant recently reported employment. Pastor Johnson informed the defendant was terminated from employment approximately 2 ½ weeks ago for behavior problems. Specifically, he related the defendant was not coming to work on time and was not getting along well with other employees and church members. Since being fired the Pastor noted the defendant has begun calling himself, at the church and at his alternate employment, as well as placing calls to other church members, and the church legal and security departments. The calls made to the pastor have included threats such as "I'm going to get you", and slander of the form described by Pastor Plummer. Pastor Johnson noted he also holds employment at FedEx. He noted he filed a "workplace violence prevention" report at FedEx after the defendant called him there and made threats via the telephone. He noted the security department at FedEx investigated his claim and determined that the defendant did in fact present a threat to Mr. Johnson. This finding was then forwarded to the legal and human resources departments

Case 3:02-cr-00341-EBB   Document 813   Filed 08/20/2007   Page 10 of 16
AUG-13-2007 11:20 FROM:US PROBATION      203 579 5571        TO:8014951593
Case 2:07-mj-00092-tmp   Document 1   Filed 08/13/2007   Page 6 of 6

| DATE<br>July 31, 2007 | U.S. PROBATION OFFICE<br>DISTRICT OF<br>CONNECTICUT | CONFIDENTIAL VIOLATION REPORT<br>Warrant Request | |
|---|---|---|---|
| NAME<br>David Brown | | U.S. DISTRICT JUDGE/U.S.<br>MAGISTRATE<br>The Honorable Ellen<br>Bree Burns | DOCKET #<br>3:02CR00341-005 (EBB) |

at FedEx who are presently determining what the appropriate action is to take. A copy of the workplace violence prevention report has been requested, and we are awaiting a response from FedEx. Pastor Johnson further noted he has spoken with the police and the state's attorney and intends to pursue criminal charges against the defendant.

ADJUSTMENT TO PRETRIAL SERVICES SUPERVISION (Summary of compliance, results of criminal record check.)
The Probation Office submits the defendant has failed to report as directed, both with regard to his required weekly telephone calls and his directive to notify the Probation Office and report in person when he traveled to Connecticut. He has failed to keep the Probation Office up to date regarding his termination from previous employment, and though he now asserts he is gainfully employed, he has failed to provide documentation of that despite a directive by his supervising officer to do so. In addition to failing to apprise the probation office of these "significant changes" in his life, the defendant has affirmatively continued to represent in his telephone reports that he has had no changes to his circumstances or contact with law enforcement. Only under specific questioning by the supervising officer during his last check in did he advise of his new employment and the "situation" that had "recently" developed with his long time friend. The defendant is reportedly consuming alcohol to excess on a frequent basis and has sustained an arrest for the new criminal conducted noted above. The defendant currently presents a danger to the community based upon the threatening and harassing behavior detailed by Mr. and Mrs. Plummer, as well as Mr. Johnson, his history of domestic violence and his alcohol consumption. He also presents a danger to himself as evidenced by his statements that he would "die before going to prison" and the attached incident report from October 2006, wherein the defendant advised a friend that he was going to kill himself because his wife and children had left him. The defendant appears unable or unwilling to abide by the conditions of release set by the Court. He presents as both a risk of non-appearance and a danger to the community. It is respectfully recommended that this defendant's bond be revoked and he be remanded until the time of sentencing.

I declare that the foregoing is true and correct.

_____
U.S. PROBATION OFFICER

RECOMMENDING TO THE COURT
This report has been submitted confidentially to the Court based on the safety concerns expressed by Mr. and Mrs. Plummer. An abbreviated version of this violation report, which removes reference to the sources of the information, shall be provided to the Assistant U.S. Attorney and Defense Counsel.

- ■ To issue a Warrant for the defendant's arrest.
- ☐ To issue a Summons.
- ☐ To continue defendant's bond as previously set.
- ☐ To modify the defendant's bond to include the following:

Judicial Officer's Response:

_____
_____
_____

_____
Signature

UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.

David Brown

No. 02 CR 341 (D. Conn.)
07 MJ 92

## CERTIFICATE OF INDIGENCY

The above-named defendant requested appointment of counsel and gave the following information under oath in support of the request:

EMPLOYMENT: _____

SALARY OR INCOME–GROSS: _____

TAKE-HOME PAY: _____

FAMILY: _____

SPOUSE'S WORK: _____

ASSETS: _____ CJA in pending District _____

DEBTS: _____

OTHER FACTORS: _____

_____

___✓___ I find the defendant is qualified for appointed counsel.

_____ I further find the defendant can pay the amount of $ ___∅___

Per week for representation.

___8/13/07___
DATE

___s/ Tu M. Pham___
U. S. MAGISTRATE JUDGE

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

UNITED STATES OF AMERICA

-vs-                                                    Case No. 07MJ092-P

DAVID BROWN

ORDER OF TEMPORARY DETENTION
PENDING HEARING[1] PURSUANT TO
BAIL REFORM ACT

Upon motion of the Government, it is **ORDERED** that a detention hearing is set for **TUESDAY, AUGUST 14, 2007 at 2:30 P.M.** before United States Magistrate **Judge James H. Allen** in **Courtroom M-3, 9th Floor**, United States Courthouse and Federal Building, 167 North Main, Memphis, TN. Pending this hearing, the defendant shall be held in custody by the United States Marshal and produced for the hearing.

Date: August 13, 2007

                                             S/ Tu M. Pham
                                             TU M. PHAM
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).
  A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the government or upon the judicial officer's own motion, if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate or attempt to threaten, injure, or intimidate a prospective witness or juror.

AO 470 (8/85) Order of Temporary Detention

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division

UNITED STATES OF AMERICA

-vs-                                                         Case No. 07MJ092-P

DAVID BROWN

ORDER OF TEMPORARY DETENTION
PENDING HEARING[1] PURSUANT TO
BAIL REFORM ACT

Upon motion of the Government, it is **ORDERED** that a removal hearing is set for **THURSDAY, AUGUST 16, 2007** at **3:00 P.M.** before United States Magistrate **Judge James H. Allen** in **Courtroom M-3, 9th Floor**, United States Courthouse and Federal Building, 167 North Main, Memphis, TN. Pending this hearing, the defendant shall be held in custody by the United States Marshal and produced for the hearing.

Date:   August 13, 2007

                                              S/ Tu M. Pham
                                              TU M. PHAM
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the government or upon the judicial officer's own motion, if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate or attempt to threaten, injure, or intimidate a prospective witness or juror.

AO 470 (8/85) Order of Temporary Detention

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY
DEPUTY CLERK

# CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER | |
|---|---|---|---|---|
| TNW | Brown, David | | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 2:07-000092-001 | | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Brown | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section)  If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 371.F -- CONSPIRACY TO DEFRAUD THE UNITED STATES

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Perry Jr, John Keith
7125 Getwell Rd
PO Box 266
Southaven  MS  38671

Telephone Number: (662) 349-6900

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)

**13. COURT ORDER**
- X  O  Appointing Counsel
-    F  Subs For Federal Defender
-    P  Subs For Panel Attorney
-    C  Co-Counsel
-    R  Subs For Retained Attorney
-    Y  Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or

Other (See Instructions)

s/Tu M. Pham
Signature of Presiding Judicial Officer or By Order of the Court
08/13/2007
Date of Order          Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time of appointment.    YES    NO

## CLAIM FOR SERVICES AND EXPENSES / FOR COURT USE ONLY

| CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| 15. a. Arraignment and/or Plea | | | | | |
| b. Bail and Detention Hearings | | | | | |
| c. Motion Hearings | | | | | |
| In Court d. Trial | | | | | |
| e. Sentencing Hearings | | | | | |
| f. Revocation Hearings | | | | | |
| g. Appeals Court | | | | | |
| h. Other (Specify on additional sheets) | | | | | |
| (Rate per hour = $     )  TOTALS: | | | | | |
| 16. a. Interviews and Conferences | | | | | |
| Out of Court b. Obtaining and reviewing records | | | | | |
| c. Legal research and brief writing | | | | | |
| d. Travel time | | | | | |
| e. Investigative and Other work  (Specify on additional sheets) | | | | | |
| (Rate per hour = $     )  TOTALS: | | | | | |
| 17. Travel Expenses  (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. Other Expenses  (other than expert, transcripts, etc.) | | | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED): | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM _____ TO _____ | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

**22. CLAIM STATUS**   Final Payment    Interim Payment Number ____    Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?  YES   NO   If yes, were you paid?  YES   NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?  YES   NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: _____    Date: _____

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR/CERT |
|---|---|---|---|---|

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE / MAG. JUDGE CODE |
|---|---|---|

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY _____
DEPUTY CLERK

CJA 20 AUTHORIZATION AND VOUCHER FOR EXPERT AND OTHER SERVICES

Case 2:07-mj-00092-tmp   Document 6-2   Filed 08/13/2007   Page 1 of 1

| 1. CIR./DIST./DIV. CODE  TNW | 2. PERSON REPRESENTED  Brown, David | | | VOUCHER NUMBER |
|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER  2:07-000092-001 | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name)  U.S. v. Brown | 8. PAYMENT CATEGORY  Felony | 9. TYPE PERSON REPRESENTED  Adult Defendant | | 10. REPRESENTATION TYPE  (See Instructions)  Criminal Case |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section). If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 371.F -- CONSPIRACY TO DEFRAUD THE UNITED STATES

**REQUEST AND AUTHORIZATION FOR SERVICES**

12. ATTORNEY'S STATEMENT
As the attorney for the person represented who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation: $ _____ OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (Note: Prior authorization should be obtained for services in excess of $500).

Signature of Attorney _____  Date _____
☐ Panel Attorney  ☐ Retained Atty  ☐ Pro-Se  ☐ Legal Organization
Attorney's name (First name, Middle initial, Last name, including suffix) and mailing address.

Telephone Number: _____

| 13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See instructions) | 14. TYPE OF SERVICE PROVIDER |
|---|---|
|  | 01 Investigator   20 Legal Analyst/Consultant  02 Interpreter/Translator   21 Jury Consultant  03 Psychologist   22 Mitigation Specialist  04 Psychiatrist   23 Duplication Services (See Instructions)  05 Polygraph Examiner   24 Other (specify)  06 Documents Examiner  07 Fingerprint Analyst  08 Accountant  09 CALR (Westlaw/Lexis, etc)  10 Chemist/Toxicologist  11 Ballistics Expert  13 Weapons/Firearms/Explosive Expert  14 Pathologist/Medical Examiner  15 Other Medical Expert  16 Voice/Audio Analyst  17 Hair/Fiber Expert  18 Computer (Hardware/Software/Systems)  19 Paralegal Services |

15. Court Order
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 12 is hereby granted.

Signature of Presiding Judicial Officer or By Order of the Court

Date of Order _____   Nunc Pro Tunc Date _____
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES   ☐ NO

**CLAIM FOR SERVICES AND EXPENSES**   **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES  (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation |  |  |  |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) |  |  |  |
| c. Other Expenses |  |  |  |

**GRAND TOTALS (CLAIMED AND ADJUSTED)**

17. PAYEE'S NAME (First Name, M.I., Last Name, including any suffix) and MAILING ADDRESS

TIN: _____
Telephone Number: _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____
CLAIM STATUS   ☐ Final   ☐ Interim Payment Number _____   ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____   Date: _____

18. CERTIFICATION OF ATTORNEY: I hereby certify that the services were rendered for this case.

Signature of Attorney: _____   Date: _____

**APPROVED FOR PAYMENT -- COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|

23. ☐ Either the cost (excluding expenses) of these services does not exceed $500, or prior authorization was obtained.
☐ Prior authorization was not obtained, but in the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $500.

Signature of Presiding Judicial Officer _____   Date _____   Judge/Mag. Judge Code _____

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. 3006A(e)(3)

Signature of Chief Judge, Court of Appeals (or Delegate)   Date   Judge Code

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY _____
DEPUTY CLERK

AO 466 (Rev. 8/01) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT

__WESTERN__ DISTRICT OF __TENNESSEE__

UNITED STATES OF AMERICA

V.

__DAVID BROWN__
Defendant

**WAIVER OF RULE 40 HEARINGS**
(All Criminal Cases)

JUDGE: JAMES H. ALLEN

CASE NUMBER: 07-MJ-093

I understand that charges are pending in the _____ District of __CONNECTICUT__ alleging violation of __18 U.S.C.S. § 3148 (B)__ and that I have been arrested in this district and
(Title and Section / Probation / Supervised Release)
taken before a United States magistrate judge, who has informed me of the charge(s) and my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2) an identity hearing to determine whether I am the person named in the charges;

*- Check one only -*

[✓] **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**

(3) a preliminary examination (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and
(4) request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

[ ] **PROBATION OR SUPERVISED RELEASE CASES:**

(3) a preliminary examination (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release; and
(4) a hearing under Rule 46 (c), Fed. R. Crim. P., in which I have the burden of establishing my eligibility for release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

(✓) identity hearing

( ) preliminary examination

( ) identity hearing and have been informed I have no right to a preliminary examination

( ) identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

__AUGUST 14, 2007__
*Date*

_____
Defense Counsel